UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Harvey Industries, Inc., | ) | CASE NO: 5:12CV588 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Sandra L. Morris, | ) | (Resolving Docs. 25, 28, 29) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Sandra Morris' motion for leave to file an amended counterclaim (Doc. 25) , the parties' joint motion to extend the discovery cutoff by two weeks (Doc. 28), and and Plaintiff Harvey Industries' unopposed motion to reschedule the status conference in this matter (Doc. 29). The motions are DENIED.

Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] ... when justice so requires." Fed.R. Civ.P. 15(a)(2). However, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187, 83 (1962)). A proposed amendment is futile if the amendment would not withstand a motion to dismiss. *See Smith v. Chattanooga*, 2009 WL 3762961 (E.D.Tenn. Nov. 4, 2009) (finding an amendment futile because it would be barred by the statute of limitations); *Render v. Forest Park Police Dept.*, 2009 WL 1788342 (S.D.Ohio June 23, 2009 (same). *See also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th

Cir. 2000); *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

In her motion, Morris seeks to amend her counterclaim to add an additional defendant, her brother Keith Morris, the President of Harvey Industries. Specifically, Morris seeks to raise a claim of breach of fiduciary duty against Keith Morris, alleging that he paid himself an excessive salary and failed to keep her apprised of the daily operations of the company. The motion is DENIED for several reasons.

First, as a shareholder throughout the time frame that Keith Morris was President, Sandra Morris could have requested financial information about the company. Apparently, she chose not to make any inquiry into the business at any time. This matter was filed on March 9, 2012, and the Court conducted its case management conference on June 20, 2012, setting a discovery deadline of October 15, 2012. Morris then waited until August 27, 2012 to seek leave to amend her counterclaim. The motion was timely opposed on September 13, 2012. Assuming that the Court *immediately* granted the motion, Morris would then have needed to properly serve Keith Morris to add him as a party to this action. Despite her contentions to the contrary, allowing the amendment would have **substantially** delayed this matter. In a best case scenario, Keith Morris would be filing an initial responsive pleading at or after the end of the discovery period set by the Court. The Court declines to allow such a delay in this matter.

Furthermore, the Court agrees that the claim appears tactical in nature. The alleged claim against Keith Morris would serve little purpose other than to increase the value of the company – thereby directly increasing the call option that is at the heart of this current dispute.

Finally, the Court would note that the issues sought to be raised by this new counterclaim will still in all likelihood be presented in this matter.  As indicated by Morris, her expert has concluded that salaries are excessive, thereby artificially depressing the value of this company.  As such, Morris will have an opportunity to argue the precise issue she seeks to add through amendment.  The Court, therefore, can see no discernible prejudice to Morris by virtue of denying her leave to amend.

The parties also seek an extension of the discovery cutoff in this matter.  The sole basis for that motion is that the "parties are working to determine whether depositions are needed."  This motion was filed **six** days before the discovery cutoff and three and one-half months after the case management conference was held in this matter.  It offers no explanation for the parties' failure to schedule depositions at an earlier date.  Moreover, the Court expressly warned the parties to schedule deposition earlier rather than later and that a last-minute effort to extend discovery would not be granted.  Accordingly, the motion to extend discovery is DENIED.

Harvey Industries also seeks to reschedule the status conference set for October 17, 2012 at 1:30 p.m.  In support, counsel asserts a scheduling conflict exists.  The Court's review indicates that the trial that counsel is scheduled to attend in *Rush v. City of Mansfield*, 1:07CV1068 was not scheduled until July 11, 2012; nearly three weeks after the status conference in this matter had been scheduled.  Accordingly, as this status conference was scheduled first, the Court finds no reason that it should be continued to facilitate a later-scheduled event.  Furthermore, it is again unclear why counsel waited until one week before the status conference to alert the Court to this conflict.  The motion to continue is DENIED.

IT IS SO ORDERED.


October 11, 2012 /s/ *Judge John R. Adams*
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT